IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MUSTAFA AWAD<br>(TDCJ No. 1017355),<br><br>Plaintiff,<br><br>V.<br><br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE – HUNTSVILLE UNIT,<br><br>Defendant. | § § § § § § § § § § § | No. 3:15-cv-1994-P-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Jorge A. Solis. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff Mustafa Awad pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

**Background**

Plaintiff, incarcerated at the TDCJ Huntsville Unit pursuant to convictions from a state court in Dallas County, Texas and proceeding *pro se*, has filed several pages of inmate grievance forms containing largely illegible handwriting. Because he appears to seek relief from officials at his institution of confinement, the Court docketed this

as an action pursuant to 42 U.S.C. § 1983. Plaintiff has neither filed a motion for leave to proceed *in forma pauperis* nor paid the requisite amount to initiate this action.

The undersigned concludes that this action should be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

## Legal Standards

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to the "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* In order to meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

## Analysis

Plaintiff's current filing falls under the three-strikes provision. He already has had at least three prisoner civil actions or appeals dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted. *See Awad v. Doe*, No. 3:14-cv-4308-N-BH (N.D. Tex. Dec. 11, 2014), Dkt. No. 4 ("Plaintiff has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Awad v. Administrative Captain at Darrington Unit, et al.*, No. G-08-191 (S.D. Tex. Nov. 28, 2008); *Awad v. Jacoby Hospital, et al.*, No.3:09-CV-2275-G (N.D. Tex. April 2, 2010); *Awad v. Jacoby Hospital*, No. 3:12-CV-0600-D (N.D. Tex. May 2, 2010)."), *rec. adopted*, No. 3:14-cv-4308-N-BH (N.D. Tex. Jan. 14, 2015), Dkt. Nos. 7 & 8.

Under Section 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. Plaintiff, through his current complaint, fails to make that showing.

Therefore, Plaintiff should be barred from proceeding *in forma pauperis* under Section 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

## Recommendation

The Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 12, 2015

DAVID L. HORAN
UNITED  STATES  MAGISTRATE  JUDGE